IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AZUMAH NASIVAAH NAJEE,**
*Next Best Friend*,

        **Plaintiff,**

**GREGORY DAVIS,**

        **Plaintiff,**

v.                                            **Civil Action No. 2:11cv46**
                                                      **(Judge Bailey)**

**FEDERAL BUREAU OF PRISONS,**
*doing business as*
UNITED STATES OF AMERICA
*doing business as*
UNITED STATES DEPARTMENT OF JUSTICE
*doing business as*
FEDERAL CORRECTION INSTITUTION GILMER,

**V. DUPUIS,**
*doing business as*
Captain of Federal Correction Institute Gilmer

*ELLEN MACE,*
*doing business as*
Doctor of Osteopathy of Federal Correction Institution Gilmer

**HEALTH SERVICE STAFF,**
Federal Correction Institution Gilmer

**PERSONAL STAFF**,
Federal Correction Institution Gilmer,

        **Defendants,**

**UNITED STATES OF AMERICA,**

        **Movant.**

**REPORT AND RECOMMENDATION**

## I. FACTUAL AND PROCEDURAL HISTORY

On March 3, 2011, the plaintiff, Gregory Davis, a federal inmate, filed a complaint in the Circuit Court of McDowell County, West Virginia, against the above-named defendants.[1] At the time he filed the complaint, the plaintiff was an inmate at the federal correctional institute located in McDowell County, West Virginia. The substance of the plaintiff's complaint is that in October of 2009, FCI Gilmer initiated a policy which directed that only inmates in wheelchairs or on crutches could use the inner circle walkway. The plaintiff maintains that he has chronic left knee instability and medical orders that exempt him from prolonged standing. However, because he is neither confined to a wheelchair nor requires crutches, he was precluded from using the inner walkway. The plaintiff maintains that as a result of his being denied access to the inner walkway, his walking time was doubled, and he experienced pain and emotional distress. The plaintiff alleges a cause of action under the ADA, the Fourteenth Amendment, the West Virginia Human Rights Act, the Federal Tort Claim Act ("FTCA), and Bivens. He also alleges that the defendants discriminated against him, intentionally inflicted emotional distress, and slandered him. As relief he seeks damages and injunctive relief.

On March 18, 2011, the United States of America gave Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1), and the matter was docketed in the United States District Court for the Southern District of West Virginia. On May 19, 2011, Stephen M. Horn, Assistant United States

---

[1] Although the complaint lists Azumah Masiva Najee as "Next Best Friend," it now appears that the plaintiff was simply using Mr. Najee's address for mailing purposes because he feared that his mail would not be forwarded to him. (Doc. 52, p.3). The plaintiff acknowledges that Mr. Nagee is not a lawyer and maintains that he did not file any motions on his behalf. The undersigned interprets the plaintiff as indicating that he himself prepared all the documents, and Mr. Najee simply filed them.

Attorney, filed a Motion to Dismiss Defendants Warden Kuma DeBoo, Captain Vicky Dupuis and Clinical Director Ellen Mace-Liebson and Substitute the United States.(Doc. 11). On May 23, 2011, the United States of America filed a Motion to Dismiss. (Doc. 13).[2] On May 24, 2011, defendants Deboo, Dupris, and Mace filed a Motion to Dismiss. (Doc. 15).[3] On June 10, 2011, an Order was entered transferring the matter to this Court because the allegations raised in the plaintiff's complaint related to the conditions of his confinement at FCI Gilmer, which is located in Glenville, West Virginia. On July 5, 2011, the plaintiff filed a Motion (Doc. 39) seeking to have his case transferred back to the Southern District. It appears that the plaintiff believes that because he "resided" in McDowell County when he filed the action, venue is appropriate in the Southern District. On that same date, the plaintiff filed a Notice of Interlocutory Appeal, challenging the transfer order to this Court. The appeal was subsequently dismissed by the Fourth Circuit. On July 7, 2011, the defendants, including the movant, United States, filed a Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction. (Doc. 45).

## II. STANDARD OF REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion

---

[2]The complaint indicated that the Federal Tort Claim Act applied to the plaintiff's allegations.

[3]The complaint indicated that the plaintiff's claims were also being brought pursuant to Bivens.

3

to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### III. ANALYSIS

**A. Removal**

28 U.S.C. § 1442(a)(1) authorizes removal to federal court of state court actions brought against the United States, its federal officers, or agencies. More specifically, that section permits the removal of a civil action commenced in a state court against:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office of or account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

See 28 U.S.C. § 1442(a)(1). The Sixth Circuit has held that the language of § 1442(a)(1) is best read to mean that the three entities that can remove are (1) the United States; (2) any agency thereof; or (3) any officer of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office. See City of Cookevill, Tenn. v. Upper Cumberland Elec. Membership Corp., 484 F.3d. 380, 389 (6th Cir. 2007).

Inasmuch as the plaintiff's complaint is against the Federal Bureau of Prisons and individual defendants employed by the Federal Bureau of Prisons and alleges acts committed by them in both their official and individual capacity, it is clear that the case was properly removed to federal court. Moreover, it is clear that transfer to this Court was appropriate. Although the plaintiff maintains that the matter should be remanded to the Southern District, he, understandably, does not appreciate the concept of venue. Pursuant to 28 U.S.C. § 1391(b),"[a] civil action wherein jurisdiction is not

founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." In this case, although the plaintiff "resided" in McDowell County, West Virginia, within the jurisdiction of the Southern District, there is no indication that any of the defendants resided in McDowell and all of the events giving rise to the plaintiff's claims occurred in Gilmer County, West Virginia, which is located within the jurisdiction of this Court. Accordingly, this Court, and not the Southern District, has proper jurisdiction over this matter.

**B. Derivative Jurisdiction**

Under the doctrine of derivative jurisdiction, when an action is removed from state court by the United States pursuant to 28 U.S.C. § 1442(a)(1), the jurisdiction of the district court upon removal is "derivative" of the state court's. In re Elko County Grand Jury, 109 F.3d 554, 555 (9th Cir. 1997)("Because this case was removed from the state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction."); see also 14C Charles Alan Wright et al., Federal Practice and Procedure § 3727, at 170 (3d ed. (1998))("A federal court cannot confer subject matter jurisdiction over a case removed under Section 1442 if none existed at the state level.").[4] Therefore,

---

[4] In 1985, Congress eliminated the doctrine of derivative jurisdiction to the general removal statute - 28 U.S.C. § 1441. See 28 U.S.C. § 1441(f) ("The court in which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State from which such civil action is removed did not have jurisdiction over that claim."). Given the reference to "this section" courts and commentators recognize that the doctrine of derivative jurisdiction, while not available under removals effectuated via 28 U.S.C. § 1441, still applies to actions removed under 28 U.S.C. § 1442. See Palmer v. City Nat'l Bank of West Virginia, 498 F.3d 236, 245-46 (4th Cir. 2007)(discussing impact of 1985 amendment to derivative jurisdiction actions under 28 U.S.C. § 1442).

because this action was removed under § 1442(a)(1), the issue to be resolved is whether the Circuit Court of McDowell County had subject matter jurisdiction over the plaintiff's claims.

1. **The ADA**

The ADA, as it applies to public entities, is codified at 42 U.S.C. §§ 12131 et seq. It has been recognized that the provisions of the ADA are applicable to prisoners confined in state correctional facilities. See Pa. Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998). However, absent an explicit waiver of sovereign immunity, the United States is generally immune from suit. United States v. Mitchell, 445 U.S. 535, 538 (1980). This "immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475 (1994), and extends to government agencies and employees. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). The ADA does not contain a waiver of sovereign immunity and thus does not apply to the federal government. Crowder v. True, 845 F. Supp. 1250 (N.D. Ill. 1994). Therefore, the Circuit Court of McDowell County did not have jurisdiction over any claims raised with respect to the ADA, and under the concept of derivative jurisdiction, neither does this Court. Moreover if the plaintiff had initiated an action in federal court, arguing a violation of the ADA, the court would not have jurisdiction because the ADA does not include any federal entities among its list of public accommodations. See Wattleton v. Doe, No. 10-11969-JGD, 2010 WL 5283287 (D. Mass. Dec. 14, 2010).

2. **The WVHRA**

W.Va. Code, § 5-11-2, et seq, does not include any federal entity in its definition of "person" or "employer" nor in any other of its definitions. W.Va. Code § 5-11-3 (Repl.. Vol. 2006). Furthermore, there is no waiver of sovereign immunity by the United States to allow any WVHRA action against it. Accordingly, neither the United States, nor its agencies or employees, may be sued

7

under the WVHRA. Therefore, the Circuit Court of McDowell County did not have subject matter jurisdiction under the WVHRA, and therefore, neither does this Court.

**3. The FTCA**

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680.

The FTCA vests exclusive jurisdiction for tort claims brought against the United States in the federal district courts. 28 U.S.C. § 1346 (2000), Accordingly, there exists no jurisdiction in the West Virginia state courts to decide any tort claim against the United States.[5] Therefore, this Court lacks subject matter jurisdiction over the plaintiff's claims under the FTCA based on the derivative jurisdiction doctrine.

**4. Bivens**

In his complaint, the plaintiff refers to Bivens, an obvious reference to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. However, only federal courts have jurisdiction over claims brought pursuant to Bivens. As the Supreme Court has stated: "Bivens established that the victims

---

[5] This would include plaintiff's allegations of slander and intentional infliction of emotional distress.

of a constitutional violation by a federal agent have a right to recover damages against the official in **federal court** despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980) (emphasis added). There is no jurisdiction in state court to entertain an action alleging a constitutional violation by federal employees. Therefore, again, the doctrine of derivative jurisdiction deprives this Court of jurisdiction to hear the Bivens claim.

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the Motions to Dismiss (Docs. 13, 15, 46) be **GRANTED**; the Motion by the United States of America to Dismiss Defendant Warden Kuma DeBoo, Captain Vicky Dupris and Clinical Director Ellen Mace-Liebson and Substitute the United States (Doc. 11) be **DISMISSED AS MOOT**; the plaintiff's Motion to Remand (Doc. 39) be **DENIED**, and the plaintiff's claims be **DISMISSED** for lack of subject mater jurisdiction.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record as provided in the Administrative Procedures for

9

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** January 18, 2012

*/s/ David J. Joel*
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE